IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANA HOWARD, individually and )
on behalf of others similarly situated, )
                                               Plaintiffs, )
vs. )    Case No. 11-cv-0895-MJR-SCW
)
FACEBOOK, INC. and JOHN DOES 1 – 10, )
)
                                               Defendants. )

<u>MEMORANDUM AND ORDER</u>

Reagan, District Judge:

On October 4, 2010, Dana Howard ("an individual who resides in the Southern District of Illinois") filed the above-referenced putative class action, seeking actual damages, statutory damages, penalties, injunctive relief, attorneys' fees, and interest against Defendants for alleged violations of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communication Privacy Act of 1986, 18 U.S.C. 2511, *et seq.*, ("the Wiretap Act"). Named as Defendants are Facebook, Inc. (a company that operates an on-line social interaction website) and ten of its directors, employees, contractors and agents (identified only as "John Doe" Defendants at this time). Subject matter jurisdiction is invoked under the federal question statute, 28 U.S.C. 1331, based on the claims under the federal Wiretap Act.

Now before the Court is Defendants' November 23, 2011 "Unopposed Motion for a Stay of Proceedings Pending Ruling by Judicial Panel on MultiDistrict Litigation" (Doc. 16). Stated simply, Defendants ask this Court to say all proceedings in the Southern District of Illinois pending a ruling by the MDL Panel on whether to transfer this case (and consolidate it with a dozen or so similar cases for coordinated pretrial proceedings), pursuant to 28 U.S.C. 1407. The motion to stay

pg. 1

includes a list of the related actions and points out that no party to any of the actions has filed any objection to the motion to transfer/consolidate these cases.

Although cognizant that the MDL Panel is considering whether to transfer this action, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 16). The undersigned Judge generally does not stay pretrial proceedings pending MDL transfer. FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5 provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004), states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The undersigned Judge closely will monitor any further orders from the MDL Panel, including any conditional or final transfer order which may issue herein. In the meantime, the undersigned Judge has tracked the case and set a firm trial date. As to Defendants' deadline by which to move, answer, or otherwise respond to Plaintiffs' complaint, Defendants remain free to request an extension of that deadline (a motion which will be ruled on by the Honorable Stephen C. Williams, Magistrate Judge).

IT IS SO ORDERED.
DATED November 29, 2011.

                                                  s/ ***Michael J. Reagan***
                                                  MICHAEL J. REAGAN
                                                  United States District Judge